THE CITY BANK OF MACON *vs.* THE MAYOR, etc., OF MACON.

1. Where several pleas were filed to an action, and a verdict was found for the defendant "on all the pleas," this was sufficient without finding as to each separately; and if there be sufficient evidence to sustain the finding as to one of the pleas, the verdict will not be set aside.
2. While the evidence was conflicting, yet there was enough to warrant a verdict finding that the first note, in place of which that in suit was given, and on which the maker of the second note was endorser, had been settled, and therefore that there was no consideration to support the second note.

December 15, 1885.

JACKSON, Chief Justice.

[The City Bank of Macon brought assumpsit against the Mayor and Council of Macon on the following promissory note:

"MACON, GA., December 15th, 1873.
   Three months after date, I promise to pay to the order of the City Bank of Macon, Ga., twenty-three hundred and three dollars, value received, payable at their office in Macon.

W. A. HUFF, Mayor."
   $2,303.00.

By amendment was added a count for money had and received. The plaintiff also alleged, in brief, as follows: The Macon and Augusta Railroad bought from the city certain real estate and gave notes for it, among others being a note for the principal sum of $2,000.00, dated December 16, 1871. This was endorsed, "W. A. Huff, mayor," and was discounted by the bank. It was past due, and in-

terest had accumulated, and the note now sued on was given by the mayor, etc., in its place and in renewal of it.

The defendant pleaded the general issue, *non est factum*, *ultra vires*, in that the mayor had no authority to give the note sued on; also that the original note had been paid off and discharged, and that there was, therefore, no consideration for the note sued on, the statute of limitations, and usury.

It is unnecessary to set out the evidence in detail. It was conflicting, especially as to the payment of the original note endorsed by the mayor    Goodall, the cashier of the bank, denied that the note was ever paid off. He stated that it was long past due; that he urged that something be done, and after frequent promises to attend to it, the note in suit was given in renewal, and that the city received the benefit of the discounted notes. There was also evidence tending to show the making and payment of other similar notes and discounts by the mayor and his agency for the city in connection with the sale to the railroad.

The president of the bank, J. J. Gresham, testified that after the note sued on was due, Huff pleaded want of funds on the part of the city, but promised payment soon, and made no claim of payment. Huff, who was mayor at the time the note was given, gave, in brief, the following account of the transaction: The notes given to the city by the railroad were all discounted at the bank, and were all paid, except the last for $2,000, which fell due in December, 1872. The city had no other funds than city and Macon and Brunswick Railroad bills. It was suggested that if the mayor would make a deed to the property sold to the railroad and attach a sight draft, it would bring the money. He did so, but the payment came in city and Macon and Brunswick Railroad bills, which were not acceptable to the bank. At first Goodall refused it, but finally consented that it might remain there, on the under-

standing that Huff would help him to work it off. During two or three weeks, Huff did work off $1,300.00, leaving a balance of $700.00, which he supposed one Adams, the treasurer of the Macon and Augusta Railroad, had settled. Some months later, Goodall presented the $2,000 note. Huff recited what had occurred, and Goodall put it back in the drawer and said he would look into it. Sometime afterwards, the matter was again under discussion. Goodall told Huff that it would put him in an awkward position if the old paper were presented to the directors, and Huff, after some parleying, gave him the new paper, with the understanding that Goodall was to hold the new note and Huff the old, while the matter was being investigated. Goodall informed him that it was necessary for his (Goodall's) protection to present a new paper to the directors, not a past due one. Gresham did not ask him to pay the note, and he did not state that it was paid. There was a *fi. fa.* against the bank for taxes, which Goodall wanted to pay off with this note. Gresham was in a bad humor, and Huff told him the city would do exactly what was right about the paper. He had no authority from the city when he gave the renewal. The city got none of the funds received from the railroad. They were delivered to the cashier of the bank.

· There was much other evidence of a conflicting character, which is not necessary to an understanding of the points decided.

The jury found "for the defendant on all the pleas." The plaintiff moved for a new trial, on numerous grounds, among which were the following:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the verdict was illegal in finding for the defendant on all of the pleas together, instead of on each separately, as the law requires.

The motion was overruled, and the plaintiff excepted.]